UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIME FINANCIAL, INC.,

    Plaintiff,                                            Case No. 1:10-cv-646

v                                                       HON. JANET T. NEFF

DIMOND INTERNATIONAL, INC. et al.,

    Defendants.
_____/

**OPINION**

This is a property foreclosure case removed from Barry County Circuit Court. On November 1, 2010, in response to a notice of impending dismissal (Dkt 12), Plaintiff filed a Verified Statement Regarding Rule 4(m), Federal Rules of Civil Procedure and Service of Process on Defendants by Plaintiff (Dkt 13), which was referred to the Magistrate Judge. In the statement, Plaintiff indicated that the parties had been served with a summons and complaint in the state court action and that a Consent Judgment had been entered between Plaintiff and all of the non taxing authority defendants prior to removal of the case to this Court (Dkt 13 at 1-2). In response, the Magistrate Judge entered an Order requiring Plaintiff to file a copy of the state court Consent Judgment with this Court by November 30, 2010 (Dkt 14).

On December 1, 2010, the Magistrate Judge filed a Report and Recommendation (R & R), recommending that the action be dismissed as to defendants Dimond International, Inc., Russell Dimond, Shirley A. Dimond, Shirley A. Dimond Revocable Living Trust u/a/d 6/6/00, Dimond

1

Machinery Company and Russsell Dimond Revocable Living Trust u/a/d 6/6/00 for failure to serve the summons and complaint (R & R, Dkt 15). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 17). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants the objections and issues this Opinion.

Plaintiff asserts that "[o]n November 26, 2010, Plaintiff's counsel, a sole practitioner, suffered a significant cardiac related event which resulted in his absence from his office and the Consent Judgment not being filed timely" (Dkt 17 at 2). Plaintiff states that the Consent Judgment has since been filed (*id.*). And, in fact, the Consent Judgment was filed with the Court on the same day that the Magistrate Judge issued the R & R (*see* Dkt 15, filed on December 1, 2010). Plaintiff urges this Court to find that good cause exists under Federal Rule Civil Procedure 60(b) to provide relief from the order and excuse the untimely filing, and asks that the Court decline to adopt the Magistrate Judge's Report and Recommendation (Dkt 17 at 2). Because the Court finds that good cause existed for the failure to comply, and because the Consent Judgment was filed only one day after it was due, Plaintiff's objection is granted.

An Order will be entered consistent with this Opinion.


Date: February 17, 2011            /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge